United States District Court
Southern District of Texas

**ENTERED**
December 23, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUSTIN MAYES, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:15-CV-02390 | |
| § | | |
| THE HOME DEPOT USA, INC., § | | |
| Defendant. § | | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Austin Mayes's motion to remand this negligence action against Defendant Home Depot, his former employer. Dkt. 3. Mayes contends that removal is barred by 28 U.S.C. § 1445(c) because this case arises under the Texas Workers' Compensation Act (TWCA). Home Depot filed a response in opposition. Dkt. 5. The parties consented to magistrate jurisdiction. Dkt. 14. After reviewing the briefing and the law, the Court denies the motion.

### BACKGROUND

Mayes claims that he injured his wrist and forearm lifting a stack of tiles during the course of his employment by Home Depot. Mayes was eventually terminated and filed suit in Harris County Civil Court at Law No. 4, alleging negligence on the part of Home Depot. Home Depot removed the case to this Court on diversity grounds.

### ANALYSIS

A civil action brought in state court may be removed to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over actions between citizens of different states where the matter in controversy exceeds the value of $75,000. 28 U.S.C. § 1332(a)(2). The party seeking removal bears the

burden of demonstrating that removal to federal court was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Congress has prohibited the removal of "[a] civil action in any State court arising under the workmen's compensation laws of such State." 28 U.S.C. § 1445(c). The Fifth Circuit has held that "arising under" in the context of § 1445(c) shares the same definition as "arising under" in the context of federal question jurisdiction under § 1331—that is, "[a] suit arises under the law that creates the cause of action." *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991).

In his petition, Mayes claims that his injuries were proximately caused by Home Depot's negligence. Dkt. 1-1, ¶ 11. In his motion to remand this case, Mayes argues that this single cause of action "arises under" the workers' compensation laws of Texas and is, therefore, non-removable under 28 U.S.C. § 1445(c). Home Depot responds that Mayes asserts a common law tort claim and fails to assert any statutory claim created by the TWCA. Thus, the Court must determine whether Mayes's negligence claim against Home Depot, an employer that has not subscribed to the Texas workers' compensation insurance scheme, arises under the TWCA or Texas common law.

Mayes purports to bring this action pursuant to Texas Labor Code § 406.033. That section, however, does not expressly create a cause of action against a non-subscribing employer. Instead, § 406.033 operates to deprive nonsubscribers of certain defenses in a suit to recover damages for personal injuries sustained during the course of employment.

The Fifth Circuit has not directly addressed the issue presented here, but a 2010 decision all but held that § 406.033 does not create a cause of action. *See Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel, LLC*, 620 F.3d 558, 564 (5th Cir. 2010). *Rentech* involved an insurance

2

policy that excluded coverage for an "obligation" incurred under "any workers' compensation law." *Id.* at 560. The Fifth Circuit was tasked with determining whether an employee's negligence action against a non-subscribing employer constituted an "obligation" under the TWCA. *Id.* at 562. In holding that such an action was not an obligation under the TWCA, the court examined the text of § 406.033, stating that "we believe that this statute, on its face, does no more than modify the defenses available at common law, and does not create a cause of action that usurps the common-law cause of action." *Id.* at 564. The court proceeded to make an "*Erie* guess" that the Texas Supreme Court would also find no "obligation" under § 406.033, citing *Kroger Company v. Keng*, 23 S.W. 3d 347 (Tex. 2000). In *Kroger*, the Texas Supreme Court explained that § 406.033 was adopted to penalize nonsubscribers by eliminating certain common-law defenses. 23 S.W. 3d at 349. The *Kroger* court further explained that "[e]mployers were, however, allowed to opt out of the system, resulting in their employees retaining their common-law rights." *Id.* at 350. The Fifth Circuit in *Rentech* found this language to suggest "that the right to bring a claim against a nonsubscriber for negligence remains what it has always been—a right arising under common law." 620 F.3d at 565.

The Court finds this reasoning persuasive and joins many other Texas district courts in ruling that an employee's tort claim against a nonsubscribing employer arises under Texas common law, not the TWCA. *See, e.g., Poljanec v. Home Depot USA, Inc.*, No. SA-14-CV-318-XR, 2014 WL 2050946 (W.D. Tex. May 19, 2014); *Harrington v. Home Depot USA, Inc.*, No. H-11-1787 (S.D. Tex. July 12, 2011); *Morris v. Home Depot USA, Inc.*, No. 3:10-CV-2289-B, 2011 WL 711047 (N.D. Tex. Feb. 28, 2011). The Court finds that the plain text of § 406.033 merely modifies a pre-existing common law cause of action by prohibiting a non-subscribing employer from raising certain defenses. The Court agrees that "the most natural reading of the

statute is that it assumes such a right to sue already exists and thus comes from the common law." *Poljanec*, 2014 WL 2050946, at *2. Mayes's negligence claim arises under the common law, not the workers' compensation laws of Texas. Therefore, removal of this action is not barred by § 1445(c).

Mayes bases his entire argument for remand upon the Fifth Circuit's opinion in *Ernewayn v. Home Depot USA, Inc.*, 727 F.3d 369 (5th Cir. 2013), which involved an appeal of a post-*Rentech* district court decision to remand an employee's negligence action against a nonsubscriber. The district court in *Ernewayn* remanded the case to the state court after finding that the removability of the action was ambiguous. *Id.* at 370. Mayes asserts that, "[o]n its way to approving remand of the case, the [Fifth] Circuit stated that, at best, Home Depot's argument raises a legal ambiguity, which by law is to be interpreted against removal and in favor of remand." Dkt. 3, ¶ 4.

The Fifth Circuit made no such statement. The *Ernewayn* court dismissed the appeal for lack of jurisdiction, as appellate courts have no authority to review remand orders based on § 1445(c). Nowhere in the opinion does the Fifth Circuit approve of the district court's interpretation of § 406.033. The Court rejects this argument.

## CONCLUSION

For these reasons, the Court denies the motion to remand this case to state court.

Signed at Houston, Texas, on December 23, 2015.

*Stephen Wm Smith*
Stephen Wm Smith
United States Magistrate Judge